## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Lujan

v.

Taylor, Warden

### Case No. (Law) CL930340

BY JUDGE ALFRED D. SWERSKY

November 2, 1993

Defendant's Motion to Dismiss the Habeas Corpus petition filed herein must be denied.

There is no dispute that a pleading designated "Petition for a Writ of Habeas Corpus" was filed in this Court by Lujan's trial counsel on March 11, 1992. This petition alleged that trial counsel's representation was "below the standard of care which is expected of an attorney handling such cases." It was based factually upon an allegation that counsel had failed to mail the petition for appeal and sought relief by way of a delayed appeal. This pleading was signed and sworn to by trial counsel. An agreed order was entered by this Court on March 12, 1992, in which relief was granted. Leave for a delayed appeal was granted by the Supreme Court of Virginia on March 31, 1992; the petition for appeal was filed and the appeal denied.

On May 4, 1993, Lujan filed this petition seeking relief for ineffective assistance of counsel at trial and making certain factual allegations about the conduct of counsel at the trial.

Defendant asserts that this petition is barred by the provisions of Code of Virginia, § 8.01-654(B)(2), by virtue of the filing of this earlier "petition." He argues that the facts alleged in this petition were known to or should have been known by Petitioner.

After a factual hearing on Defendant's Motion to Dismiss, the Court finds that the statutory bar of § 8.01-654(B)(2) does not apply to the

circumstances here. The first "petition" was an expedient device used by the Court to correct an inadvertent procedural omission by trial counsel. It was not signed by Petitioner, nor was he consulted about its contents prior to its being filed. He had no input into its contents.

In addition, the procedural requirements of Code of Virginia, § 8.01-655 *et seq.*, were not met, nor was the person who had custody of Lujan made a party. In short, this first "petition" was not a "previous petition" as contemplated by § 8.01-654(A)(2).

The additional grounds asserted by Defendant in his motion present factual matters for a determination by this Court upon a full evidentiary hearing.

### January 3, 1994

This matter is before the Court on Plaintiff's motion for leave to have discovery in this cause pursuant to Rule 4:1(b)(5)(3)(b), Rules of Supreme Court of Virginia.

The Court has previously ruled in part by allowing a *subpoena duces tecum* to the sheriff to discover the names of the deputies on duty at the time of the jury deliberations and on the request for depositions.

Plaintiff further seeks discovery from the Commonwealth's Attorney, the Chief of Police, and the condominium association where the offense occurred.

The request for a *subpoena duces tecum* to Marina Towers Condominium Homeowners Association is granted without prejudice to the rights of the Homeowners Association to make appropriate objections.

The request for *subpoena duces tecum* to the Chief of Police for all reports, writings, records, photographs, tapes, etc., is denied as being overbroad and beyond the scope of discovery. See *Rakes v. Fulcher*, 210 Va. 542 (1970).

However, the discovery request made of the Commonwealth's Attorney will be granted without prejudice to the rights of the Commonwealth's Attorney to make appropriate objections. Since the Commonwealth's Attorney has maintained an "open file" policy in the criminal case, Plaintiff's counsel in this cause should have access to the same materials as trial counsel.

### June 22, 1994

The petition for a Writ of Habeas Corpus, under advisement after a full evidentiary hearing, must be denied. Petitioner's complaint falls into three basic categories and will be dealt with *seriatim*.

## I. *Jury Deliberations*

The Court finds that the remark alleged to have been made by the bailiff that the Judge would not like a "hung jury" was not made. Petitioner's evidence on this point is equivocal and inconsistent. The Respondent's evidence, on the other hand, is clear and positive, and under these circumstances, Petitioner has failed to carry his burden of proof.

Even if the remark had been made, its effect on the jury, as is apparent from the record, was not prejudicial to Lujan. The record reveals a written note from the judge advising them to take as much time as they need and offering them the option to return the next day. The jury exercised that option and adjourned for the evening, returned the next day, and deliberated for seven more hours. The fact that two of the jurors felt subjectively under pressure to reach a verdict does not approach the magnitude of the problems in *Scott v. Commonwealth*, 11 Va. App. 516 (1990), relied upon by Petitioner.

A subsidiary issue arose at the hearing as to whether or not a hearing with the jury was held in the absence of Lujan. Once again, Petitioner's evidence fails to establish that such a hearing occurred. The record does not reveal such a hearing, and Lujan's evidence was equivocal on whether or not such a hearing was held in his and the court reporter's absence. The Court finds specifically that there was no such hearing in the absence of Lujan, the court reporter, or both.

## II. *Failure of the Commonwealth to Provide Exculpatory Evidence*

Lujan complains that evidence of a survey of local key making businesses by police was not provided to his counsel when such survey turned up no evidence that he had made a key to Complainant's apartment. Such evidence is of doubtful probative value, and no error is committed by the Commonwealth in failing to reveal its existence. The Commonwealth is not required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny to reveal every investigative effort that yields no positive results.

Further, Lujan argues that the Commonwealth failed to provide exculpatory evidence consisting of interviews of residents of the apartment to show that Lujan had followed appropriate procedures to gain access to their apartments for purposes of doing repair work. Such evidence, even if admissible and exculpatory, was equally available to defense counsel. There is no reasonable likelihood that introduction of that evidence would

have resulted in a different outcome at trial. *United States v. Bagley*, 473 U.S. 667 (1985).

### III. *Ineffective Assistance of Counsel*

Petitioner complains that trial counsel (there were two) failed to fully investigate his case and thus were unprepared to rebut the Commonwealth's argument that Lujan gained access to Complainant's apartment by use of key. The record belies this argument.

While counsel felt the key issue was a "red-herring," extensive defense effort went into showing that Lujan could not have had access to a key. Witnesses such as Joe DePompa, Charles Hicks, and Investigator Gleeson were called by defense counsel on the issue of access to keys and entry by key. The failure to call the witnesses on the non-existence of an "emergency" key to Complainant's unit was a tactical decision by counsel and bolstered by the fact that the particular unit involved had numerous tenants prior to Complainant. In view of counsels' tactical decision not to over-try the issue of access but to emphasize Lujan's evidence of having been invited in by Complainant, the Court cannot say that defense counsels' performance fell below that level of skill which a reasonably competent attorney would exercise under similar circumstances. *Strickland v. Washington*, 466 U.S. 668 (1984).

For the foregoing reasons, the Petition for a Writ of Habeas Corpus will be denied.